# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| JAMES EDWARD WHALEY, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:23-CV-217 (LAG) |
| CITY OF ALBANY, *et al.*, | : |
| Defendants. | : |

# **ORDER**

Before the Court is Defendants', City of Albany and Brentten Robert Laethem, Motion to Dismiss and Incorporated Memorandum of Law in Support (Doc. 3) and Defendant Jenna Laethem's Motion to Dismiss and Memorandum of Law in Support Thereof (Doc. 4). For the reasons below, the Motions (Docs. 3, 4) are **GRANTED**.

# **BACKGROUND**

This action arises out of an altercation that occurred on December 10, 2017, between Plaintiff James Edward Whaley and Defendants Brentten and Jenna Laethem. (Doc. 1 ¶ 9). Around noon that day, Plaintiff was soliciting donations near the entrance to the Walmart parking lot in Lee County, Georgia.[1] (Doc. 1 ¶ 9). Defendant Brentten Laethem, an off-duty police officer for Defendant City of Albany, and his wife, Defendant Jenna Laethem, witnessed Plaintiff accepting money from a passerby. (*Id.* ¶¶ 10–11). Defendant Brentten Laethem, after speaking to his wife, approached Plaintiff and instructed Plaintiff that he should not be asking people for money. (*Id.* ¶¶ 12–13). Defendant Brentten Laethem advised Plaintiff that if Plaintiff was still there soliciting money when Defendant Brentten Laethem and his wife finished shopping that "Plaintiff would be going to jail." (*Id.*). Thirty

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

minutes later, Defendants Brentten and Jenna Laethem approached Plaintiff again. (*Id.* ¶ 15). Defendant Brentten Laethem displayed his firearm and badge and said, "What did I tell you mother f—r." (*Id.*). Defendant Brentten Laethem then pushed Plaintiff against a nearby lamp pole and began to search Plaintiff's pants pockets and other outer garments without Plaintiff's consent. (*Id.* ¶ 16). While searching Plaintiff's garments, Defendant Brentten Laethem yelled to Defendant Jenna Laethem "watch him." (*Id.* ¶ 17). Plaintiff protested that he had not committed any crime. (*Id.*).

Shortly thereafter, a Lee County Sherriff's deputy arrived at the scene. (*Id.* ¶ 21). Defendant Brentten Laethem had reported to the Lee County 911 dispatch that Plaintiff was banging on windows and accepting money from motorists. (*Id.* ¶ 22). Later, Defendant Bretten Laethem stated that Defendant Jenna Laethem had seen Plaintiff banging on windows but that he had not. (*Id.* ¶ 23). The responding deputy arrested Plaintiff. (*Id.* ¶ 24).

Six years after his arrest, Plaintiff filed this action on December 11, 2023. (Doc. 1). The Complaint asserts 42 U.S.C. § 1983 claims under the Fourth and Fourteenth Amendments to the United States Constitution against Defendants Jenna and Brentten Laethem in Count I and against the City of Albany in Count II. (*Id.* ¶¶ 25–27). Plaintiff also asserts state law claims for assault, battery, false arrest, false imprisonment and conversion against Defendants Jenna and Brentten Laethem in Count III. (*Id.* ¶¶ 28–29). Defendants the City of Albany and Brentten Laethem filed a Motion to Dismiss on March 28, 2024, and Defendant Jenna Laethem filed a Motion to Dismiss on March 29, 2024. (Docs. 3, 4). Plaintiff responded on May 1, 2024. (Doc. 8). Defendants City of Albany and Brentten Laethem replied on May 6, 2024, and Defendant Jenna Laethem replied on May 13, 2024. (Docs. 10–12). Thus, the Motions are ripe for review. M.D. Ga. LR. 7.3.1(A).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

Defendants argue that Plaintiff's § 1983 and state law claims are barred by the applicable statute of limitations. (Doc. 3 at 3; Doc. 4 at 2–3). Defendant Brentten Laethem also argues that the official capacity claims against him should be dismissed "on the ground that they are duplicative of [P]laintiff's claims against the City." (Doc. 3 at 5).

**I.    Section 1983 Claims**

Section 1983 claims are governed by Georgia's two-year statute of limitations for personal injury claims. *Nance v. Commissioner, Ga. Dep't of Corr.*, 59 F.4th 1149, 1153 (11th Cir. 2023) ("A claim brought under section 1983 is subject to the state statute of limitations governing personal injury actions, which is two years in Georgia." (citations omitted)); *see* O.C.G.A. § 9-3-33. Federal courts "generally refer[] to state law for tolling rules[,]" and the burden is on the plaintiff to establish that the statute of limitations should be tolled once the defendant establishes that the suit was filed more than two years after the cause of action accrued. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Toliver v. Dawson*, 896 S.E.2d 714, 716 (Ga. Ct. App. 2023). Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations because the alleged constitutional violations occurred on December 10, 2017 and Plaintiff did not file the Complaint until December 11, 2023—six years later. (Doc. 3 at 3; Doc. 4 at 2–3). Plaintiff does not argue that the two-

year statute of limitations does not apply. (Doc. 8 at 3–4). Rather, Plaintiff argues that the statute of limitations was tolled pursuant to O.C.G.A. § 9-3-99. (*Id.*).

Section 9-3-99 tolls the running of the statute of limitations "with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime." Section 9-3-99 is inapplicable for a host of reasons. First, for this statute to apply, Plaintiff would have to have been a victim of a crime. O.C.G.A. § 9-3-99. Plaintiff does not allege a specific criminal violation of which he was a victim, nor does he allege that any defendant in this case was prosecuted for any crime related to the allegations in the Complaint. (*See* Doc. 1).

Moreover, the time to prosecute any such crime has lapsed. In Georgia, the statute of limitations for the prosecution of a misdemeanor is two years and the statute of limitations to prosecute a felony is four years. O.C.G.A. § 17-3-1(c), (e). Six years have passed since the circumstances described in the Complaint occurred. (*See* Doc. 1). "[B]ecause the time for any prosecution has come and gone, and because there never was any pending prosecution nor could there be in the future," Georgia law does not require that the statute of limitations for the tort claims in this case be tolled. *Jenkins v. Keowni,* 830 S.E.2d 498, 502 (Ga. Ct. App. 2019); *see also Salas v. Columbus Consol. Gov't*, No. 4:21-CV-182 (CDL), 2022 WL 3141882, at *2 (M.D. Ga. Aug. 5 2022) (dismissing claims as time barred and determining that O.C.G.A. § 9-3-99 did not apply because "[t]here never was a prosecution of the officers, and there can be no prosecution in the future"); *Porter v. Freeman*, CV 123-135, 2024 WL 4534741, at *2 (S.D. Ga. Oct. 21, 2024) (determining that statute of limitations was not tolled for tort claims because the time to prosecute the traffic violation relating to the tort claims had passed).

As the statute of limitations has not been tolled, the § 1983 claims are time-barred and must be dismissed. *See Toliver*, 896 S.E.2d at 716. Because the Court dismisses the § 1983 claims, the Court need not consider Defendants' argument that the official capacity claims are duplicative of the claim against Defendant the City of Albany. (Doc. 3 at 5).

4

## II. State Law Claims

Plaintiff's remaining claims are for violations of Georgia tort law. (*See* Doc. 1 ¶¶ 28–29). Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction to entertain state law claims so related to claims within the Court's original jurisdiction as to form part of the same case or controversy. Once a plaintiff's federal claims are dismissed, however, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant[s]." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. While the "decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court," the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citation omitted). In addition, § 1367(d) gives "the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction," thereby removing "the principal reason for retaining a case in federal court when the federal claim belatedly disappears." *Personalized Media Commc'ns, LLC v. Scientific–Atlantic, Inc.*, 493 F. App'x 78, 82 n.1 (11th Cir. 2012) (quoting *Myers v. County of Lake*, 30 F.3d 847, 848–49 (7th Cir. 1994)); *see also* 28 U.S.C. § 1367(d) (providing that state law claims asserted in federal court "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over his remaining state law claims.

## CONCLUSION

Accordingly, Defendants' Motions to Dismiss (Docs. 3, 4) are **GRANTED**, and Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this 24th day of March, 2025.

                                        <u>/s/ Leslie A. Gardner</u>
                                        **LESLIE A. GARDNER, CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**